UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OSCAR A. CLIFTON,                          1:08-cv-00193-AWI-SMS

                  Plaintiff,       **ORDER SETTING MANDATORY
                                   SCHEDULING CONFERENCE
vs.                                REQUIRING THE PARTIES
                                   TO CONFER PURSUANT TO
BOB EDWARD BYRD, Tulare County     F.R.CIV.P. 26(f)**
Sheriff's Officer, et al.,
                                   **DATE: 4/27/09
                  Defendants.      TIME: 9:30 AM
_____/   CTRM: 7 ~ 6th Floor**

                                   **HON. SANDRA M. SNYDER
                                   UNITED STATES MAGISTRATE JUDGE**


     Pursuant to the telephone inquires of Attorney Gavin Masuda,

and in light of the pending Motion to Dismiss (Doc. 31) set for

hearing on December 22, 2008 at 1:30p.m. in Courtroom No. 2 on

the Eighth Floor before the Honorable Anthony W. Ishii, United

States District Judge, a Mandatory Scheduling Conference is

hereby set for April 27, 2009 at 9:30 a.m. before Judge Snyder.

     **Fed.R.Civ.P. 26(f)** requires that, no later than 21 days

before the Scheduling Conference, the parties must "...confer to

consider the nature and basis of their claims and defenses and

the possibilities for a prompt settlement or resolution of the

case, to make or arrange for the disclosures required by Rule

1  26(a)(1), and to develop a proposed discovery plan."

2     **Fed.R.Civ.P. 26(d)** provides that, unless authorized by

3  F.R.Civ.P. or by order or agreement of the parties, no party may

4  seek discovery from any source before the parties have conferred

5  as required by Rule 26(f).

6     **Fed.R.Civ.P. 26(a)(1)** requires that, without waiting for a

7  discovery request, a party must provide to other parties:

8     (1)  the name, address, and telephone number of each

9  individual likely to have discoverable information that the

10 disclosing party may use to support its claims or defenses

11 identifying the subjects of the information;

12    (2)  a copy of, or a description by category and location

13 of, all documents, data compilations, and tangible things that

14 are in the possession, custody, or control of the party, and that

15 the disclosing party may use to support its claims or defenses;

16    (3)  a computation of any category of damages claimed by the

17 disclosing party, making available for inspection and copying as

18 under Rule 34 the documents or other evidentiary material on

19 which such computation is based, including materials bearing on

20 the nature and extent of injuries suffered; and,

21    (4)  for inspection and copying as under Rule 34 any

22 insurance agreement under which any person carrying on an

23 insurance business can be liable to satisfy part or all of a

24 judgment which may be entered in the action or to indemnify or

25 reimburse for payments made to satisfy the judgment.

26    Attendance at the Scheduling Conference is *mandatory* upon

27 each party not represented by counsel or, alternatively, by

28 retained counsel.  Only counsel who are thoroughly familiar with

2

the facts and law of the instant case, and who have full
authority to bind the client, shall appear.  Trial counsel should
participate in this Scheduling Conference whenever possible.  It
may be necessary for counsel to spend as much as 30-45 minutes in
this Conference.

A Joint Scheduling Report, carefully and completely prepared
and executed by all counsel, shall be electronically filed in
CM/ECF, in full compliance with the requirements set forth in
Exhibit "A" below, one (1) full week prior to the Scheduling
Conference, and shall be e-mailed, in WordPerfect or Word format,
to **smsorders@caed.uscourts.gov.**

### EXHIBIT "A"

At least twenty (20) days prior to the Scheduling
Conference, actual trial counsel for all parties shall conduct
and conclude a conference at a time and place arranged by counsel
for plaintiff(s).  This conference shall preferably be a personal
conference between counsel but, due to the distance involved in
this District, a telephonic conference involving all counsel is
permissible.  The Joint Scheduling Report shall respond to the
following items by corresponding number paragraphs:

1.   Summary of the factual and legal contentions set forth
in the pleadings of each party, including the relief sought by
any party presently before the Court.

2.   Any proposed amendment to the pleadings presently on
file shall be filed by its proponent contemporaneously with
the Joint Scheduling Report.  If the matter cannot be resolved at
the Scheduling Conference, the matter will be set as a Motion to
Amend in accordance with the Rules of Practice of the Eastern

3

1   District of California.

2       3.    A summary detailing the uncontested and contested

3   facts.

4       4.    A summary of the legal issues as to which there is no

5   dispute, i.e., jurisdiction, venue, applicable federal or state

6   law, etc., as well as a summary of the disputed legal issues.

7       5.    The status of all matters which are presently set

8   before the Court, i.e., hearing all motions, etc.

9       6.    A complete and detailed discovery plan, including:

10          (a)   A report of the results of the conference required

11  by Federal Rules of Civil Procedure 26(f);

12          (b)   Any proposed changes in the timing, form, or

13  requirement for disclosures required under F.R.Civ.P. 26(a);

14          (c)   Any changes which should be made in the

15  limitations on discovery imposed under F.R.Civ.P. 30, 31, 33;

16          (d)   An outline of the subjects on which discovery may

17  be needed;

18          (e)   Whether discovery should be conducted in phases or

19  be limited to or focused upon particular subjects;

20          (f)   A firm cut-off date for discovery; and,

21          (g)   A proposed date for disclosure of expert witnesses

22  pursuant to F.R.Civ.P.26(a)(2).

23      7.    Dates agreed to by all counsel for:

24          (a)   Filing pre-trial motions, with the understanding

25  that motions will not be entertained after the agreed upon

26  date.  (No later than 45 days prior to the proposed Pre-Trial

27  Conference date.)

28          (b)   Pre-Trial Conference date.

4

1              (c)   Trial date.

2              All of these dates should be considered firm dates.

3   Dates should be set to allow the Court to decide any matters

4   under submission before the Pre-Trial Conference is set.

5         8.   At the conference referred to above, counsel are

6   encouraged to discuss settlement, and the Court will expect a

7   statement in the Joint Scheduling Report as to the possibility of

8   settlement.   Counsel shall indicate when they feel a settlement

9   conference should occur, i.e., before further discovery, after

10  discovery, after pre-trial motion(s), etc.

11        9.   A statement as to whether the case is a jury or

12  non-jury case.

13        10.   An estimate of the number of trial days required.   When

14  counsel cannot agree, each party shall give their best estimate.

15        11.   Whether either party requests bifurcation of trial or

16  has any other suggestion for shortening trial.   It should be

17  noted that all federal tort claim cases are bifurcated as a

18  matter of course.

19        12.   Whether this matter is related to any matter pending in

20  this court or any other court, including any bankruptcy court.

21        13.   Joint Scheduling Reports are to be e-mailed, in

22  WordPerfect or Word format, to **smsorders@caed.uscourts.gov**.

23        For reference purposes, the Court requires that counsels'

24  Joint Scheduling Report indicate that date, time, and courtroom

25  of the Scheduling Conference opposite the caption on the first

26  page of the Report.

27        **Counsel may request that their attendance be by telephonic**

28  **conference.**   If two or more parties wish to appear

                                  5

telephonically, counsel shall decide responsibility for making

prior arrangements for the conference call with an AT&T operator

(if counsel do not have conference call capabilities on their

telephone systems), and shall initiate the call at the above-

designated time.  After all parties are on the line, the call

should then be placed to Judge Snyder's chambers at (559)

499-5690.  **Additionally, counsel are directed to indicate on the**

**face page of their Joint Scheduling Report that the conference**

**will be telephonic.**

SHOULD COUNSEL FAIL TO APPEAR AT THE MANDATORY SCHEDULING

CONFERENCE OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH

ABOVE, AN EX PARTE HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL,

DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, OR

SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR

ORDERED.

IT IS SO ORDERED.

**Dated:    December 17, 2008        /s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE